**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ARTEMIO ALIPIO,  )  )  Plaintiff,  )  )  v.  )  )  DONALD C. WINTER,  )  Secretary of the Navy,  )  )  Defendant.  )  ) | Civil Action No. 08-1975 (JR) |

**MEMORANDUM OPINION**

Plaintiff, a Philippine citizen who had worked at a United States Navy facility in the Philippines, filed an employment discrimination complaint arising from the Navy's alleged "fail[ure] to inform [him]" about an opportunity for employees for whom "no retirement deductions were withheld from their salaries" to "make a deposit to the Civil Service Retirement and Disability Fund." Compl. at 1; *see id.* at 3. The Navy rejected the complaint on the ground that plaintiff was an "[a]lien employed in [a] position[] . . . located outside the limits of the United States" and thus was "not covered under Title VII" of the Civil Rights Act of 1964, as amended, *see* 42 U.S.C. § 2000e *et seq.* Compl. at 2. Quoting the agency's decision, plaintiff explained that:

> The dismissal of this [employment discrimination] complaint is not based on the merits of the [plaintiff's]

1

> claim that he should have been covered under the civil service retirement system. <u>The dismissal of the instant case is based solely on the employee's status as a non-U.S. citizen</u> and therefore he has no standing to file a claim of discrimination under the provisions of [29 C.F.R. § 1614.103(c)].

Compl. at 2 (emphasis added); *see also* 29 C.F.R. § 1614.103(c)(4) (providing that Title VII does not apply to "[a]liens employed in positions . . . located outside the limits of the United States"). An "alien" is "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3).

According to plaintiff, an alien "is not necessarily a person who is not a U.S. citizen." Compl. at 3. Rather, he argues that "the term 'alien' contained in 29 C.F.R. [§] 1614.103(c) is referenced to [the] individual's . . . place of employment." *Id.* Plaintiff claims that he is not an alien because he is "a local national (Filipino citizen)" who was "a direct-hired Federal civilian employee of the United States Government whose duty station . . . [was] located in a foreign country." *Id.* The Court is not persuaded.

Plaintiff makes no argument that he is a citizen or national of the United States. Rather, in describing himself as "a local national (Filipino citizen) employed by the [Navy] whose duty station [was] located outside the United States," Compl. at 3, plaintiff acknowledges his alien status. He is neither a citizen nor a national of the United States, rendering him an alien to whom Title VII does not apply. *See Licudine v. Winter*,

603 F. Supp. 2d 129 (D.D.C. 2009).

    The Court concludes that the complaint fails to state a claim upon which relief can be granted, and, accordingly, will dismiss the complaint.  An Order accompanies this Memorandum Opinion.

                                           JAMES ROBERTSON
                                      United States District Judge